UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE COMPANY  )<br>  )<br>  Plaintiff,  )<br>  )<br>v.  )<br>  )<br>FRANCISCO RIVAS, *et al.*  )<br>  )<br>  Defendants.  )<br>  ) | Civil Action No. 07-1740 (JR) |

**REPLY IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS OR TO STAY**

GEICO brought this action to determine its rights and obligations under whatever automobile liability policy ("Policy") it issued to the Rivases. In opposing Defendants' motion to dismiss, GEICO takes the position that it had a contractual relationship with the Rivases only and therefore that the Athridges are not indispensable parties.

The problem with GEICO's position is that, in addition to the rights the Athridges have as judgment creditors of the Rivases, Def. Mem. 7-8, the Rivases had assigned to the Athridges before GEICO filed this lawsuit their claims for indemnification under the Policy as well as their claims for extra-contractual damages for breach of fiduciary duty and the covenant of good faith and fair dealing. As a result of this assignment, GEICO does not have an "actual controversy" with the Rivases, as required for a declaratory judgment action under 28 U.S.C. § 2201. Instead, GEICO's dispute is with the Athridges, who necessarily are indispensable parties to this litigation.

GEICO's opposition ("Opp.") glosses over the effect of the assignment. GEICO does not challenge the validity of the assignment. The fact that GEICO originally had a

contractual relationship with the Rivases only does not mean that the Rivases cannot assign their choses in action to the Athridges or that GEICO does not now have potential liability to the Athridges. In *Gray v. Grain Dealers Mut. Ins. Co.,* 684 F. Supp. 1108 (D.D.C. 1988), *aff'd*, 871 F.2d 1128 (D.C. Cir. 1989), the insurer argued that it was contractually obligated to indemnify the insured only, not the assignee claimant. 871 F.2d at 1129. The D.C. Circuit rejected this argument and after surveying the law, concluded that there was "no reason" not to construe such an assignment and release "to give full effect to its terms" under D.C. law. *Id.* at 1133. It "is no business of [the insurer] who owns the claim against it." *In re New Era, Inc.*, 135 F.3d 1206, 1210 (7th Cir. 1998).

Since *Gray*, the D.C. Circuit has recognized and enforced a settlement between a tort claimant and an insured that assigned the latter's rights against the liability insurer under the policy. *Interstate Fire & Cas. Co. v. 1218 Wisconsin Ave., Inc.,* 136 F.3d 830, 832, 836 (D.C. Cir. 1998). Moreover, the D.C. Circuit summarily affirmed Judge Greene's order directing Iglesias to convey his rights against insurers – including GEICO – to the Athridges. *Athridge v. Iglesias*, 950 F. Supp. 1187 (D.D.C. 1996), *summarily aff'd*, 1997 WL 404854 (D.C. Cir. 1997). The D.C. Court of Appeals recently confirmed the free assignability of claims in *Caglioti v. District Hospital Partners, LP*, 933 A.2d 800 (D.C. 2007), in which the Court held that claims for equitable indemnification are assignable under D.C. law. *Id.* 811-12. The Court noted that "the prevailing view in this jurisdiction [is] that a plaintiff can bring a claim that has been assigned to him." *Id.* 811.

In short, GEICO is suing the wrong party to obtain a determination of its rights under the Policy. The action should be dismissed because there is no "actual

2

controversy" between GEICO and the Rivases and because the Athridges, who now hold the Rivases' rights under the Policy, cannot be joined in this lawsuit.

Alternatively or additionally, the Court should exercise its discretion to dismiss or stay this action in favor of the coercive action brought by the Rivases and Athridges against GEICO in D.C. Superior Court ("D.C. Superior Court Action"). GEICO does not dispute that the Athridges will not be legally bound by resolution of GEICO's action in this Court or that the D.C. Superior Court Action provides a superior forum to resolve the Athridges' and the parties' rights and obligations under the Policy. Continuation of this action would gratuitously interfere with the D.C. Superior Court Action and would waste the parties' and the Court's resources in duplicative and unnecessary litigation. These factors heavily outweigh the fact that GEICO was first to file, to which fact courts give little weight, or the fact that the litigation arising from the Accident has for the most part been brought in federal court, since the federal court litigation has not resolved the issues to be resolved here – GEICO's rights and obligations under the Policy.[1]

## I.     **The Athridges are Indispensable Parties**

GEICO argues (Opp. 7) that the Rivases bear the burden of showing that the Athridges are indispensable parties, relying on *Brinco Mining Ltd. v. Fed. Ins. Co.*, 552 F. Supp. 1233, 1239 (D.D.C 1982). *Brinco* did place the burden on the moving party but did not explicitly consider which party should bear the burden.

---

[1] For purposes of this motion to dismiss, Defendants have assumed as true the factual allegations asserted in GEICO's complaint and opposition. Defendants dispute some of these allegations, however, and this assumption does not mean that the Rivases acquiesce in these allegations.
   Also, Defendants, for the sake of consistency, will continue to use the terminology of Rule 19 before it was amended effective December 1, 2007.

The courts that have expressly considered this issue are split. Wright and Miller agree with the courts holding that if an initial review of the facts reveals the possible existence of an indispensable party, the party opposing dismissal bears the burden of negating the indispensability of an unjoined party. *E.g.*, *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986)(*citing Boles v. Greeneville Hous. Auth.*, 468 F.2d 476, 478 (6th Cir. 1972)); *Cliffs Plantation Timer Farm, LLC v. United States*, No. 05-cv-197, 2007 U.S. Dist. LEXIS 69701 The(S.D. Miss. Sept. 19, 2007); *Dunne v. Hackett & Dunne P'ship.*, No. CIV. A. 98-1963, 1999 WL 147672, at *2 (E.D. La. Mar. 15 1999); 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER AND MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1609 (3d ed. 2001)(burden shifts to the non-moving party to negate the indispensability of an unjoined party once the moving party has made a showing that an indispensable party might exist).

Defendants submit that the Court should follow this approach. In their opening memorandum, Defendants at the least have shown that the Athridges may be an indispensable party. GEICO therefore must negate the Athridges' indispensability. As demonstrated in Defendants' opening memorandum and below, GEICO has failed to make this showing.

### A.    The Athridges are Necessary Parties.

GEICO's argument that the Athridges are not necessary parties virtually ignores the fact that the Athridges are assignees of the Rivases' claims against GEICO (except for claims of emotional injury). None of the cases cited by the GEICO involves a suit brought against an assignor of claims to a third party.

GEICO in effect has sued the wrong party. An assignee is usually a necessary party. *Novacolor, Inc. v. American Film Techs., Inc.,* 1992 U.S. Dist. LEXIS 10315, at *28-29 (N.D. Ill., July 16, 1992). GEICO has failed to show that the usual rule does not apply here.

1.  Complete Relief Cannot Be Accorded in the Athridges' Absence

GEICO argues (Opp. 8) that the Court can accord complete relief between GEICO and the Rivases and that such relief is all that is necessary for there to be "complete relief" within the meaning of Rule 19(a)(1). GEICO's argument ignores the effect of the Rivases' assignment to the Athridges.

The "complete relief" provision of Rule 19(a)(1) is intended to promote a comprehensive resolution of disputes and to avoid duplicative litigation. See 1966 Advisory Committee Note; *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983). It is also intended to ensure that courts do not enter partial or "hollow" judgments that do not effectively resolve the parties' entire controversy. *Id.*

As GEICO acknowledges (Opp. 2), the purpose of its lawsuit is "to determine its rights and obligations under the Insurance Contract." Any such determination in the Athridges' absence, however, would result in duplicative litigation and a "hollow" judgment. The Athridges have rights under the Policy as the Rivases' judgment creditors and as the Rivases' assignees (and also as assignees of Jorge Iglesias (the driver of the car that hit Tommy Athridge)). The present lawsuit will not act as an estoppel against the Rivases in their status as judgment creditors, *Athridge v. Aetna Surety and Cas. Co.,* 351 F.3d 1166, 1170 (D.C. Cir. 2003), or in their status as assignees, RESTATEMENT OF JUDGEMENTS (SECOND) § 55 (1982). The Athridges will be free to pursue their lawsuit in

5

D.C. Superior Court. At most, GEICO will obtain a partial or hollow judgment concerning its rights and obligations under its Policy with respect to the Rivases' claims for emotional damages.

Thus, continuation of this lawsuit without the Athridges will not completely determine GEICO's rights and obligations under its Policy. The Athridges are therefore necessary parties.

>   2.   The Athridges' Ability to Protect Their
>        <u>Interests May be Practically Impaired by this Action</u>

GEICO does not dispute that the Athridges have an interest in this litigation or that the Athridges' interest may be affected by this lawsuit because "an unfavorable ruling here would … constitute adverse persuasive precedent, thereby harming [the Athridges'] interest." *Johnson & Johnson v. Coopervision, Inc.*, 720 F. Supp. 1116, 1124 (D. Del. 1989).

Instead, GEICO attempts (Opp. 12-13) to distinguish *Johnson & Johnson* and the other cases cited at page 8 of the Rivases' opening memorandum by arguing that those cases did not involve situations where the interests of one of the litigants and those of the absent party were identical. GEICO asserts that the Rivases' and the Athridges' interests are identical and therefore that the Athridges' interest "as a practical matter" will not be impaired or impeded because the Athridges' interests will be adequately represented by the Rivases. GEICO's argument is wrong both as a matter of law and a matter of fact.

As a matter of law, it is not proper to consider the adequacy of representation by an existing party at the Rule 19(a) stage of the necessary/indispensable party inquiry. This is because while Rule 24(a), which governs intervention as of right and is the flip side of Rule 19, expressly refers to adequacy of representation by existing parties, Rule

19(a) does not. *See Glancy v. Taubman Ctrs., Inc.,* 373 F.3d 656, 666-670 (6th Cir. 2004)(Moore, J.). Instead, the adequacy of representation by existing parties should be considered at the Rule 19(b) stage of the inquiry. In *Wichita & Affiliated Tribes v. Hodel*, 788 F.2d 765-774-75 (D.C. Cir. 1986), the D.C. Circuit addressed the question of adequate representation as part of a Rule 19(b) analysis, instead of a Rule 19(a) analysis.[2]

As a matter of fact, the Rivases may be considered adequate representatives of the Athridges only if their and the Athridges' interests are identical. *Ohio Valley Envtl. Coalition v. Bulen,* 429 F.3d 493, 504-05 (4th Cir. 2005)(litigant may serve as absent party's proxy if interest of two are identical); *Tell v. Trustees of Dartmouth Coll.*, 145 F.3d 417, 419 (1st Cir. 1998)(in absence of "perfect identify of interests," court must be cautious in concluding that litigant will adequately represent absentee's interest); *Coalition on Sensible Transportation Inc. v. Dole*, 631 F. Supp. 1382 (D.D.C. 1986)(("substantial identity" of interests considered in Rule 19(b) determination).

The Rivases and the Athridges do not have identical interests. Both sides have independent claims. The Athridges have independent rights both as judgment creditors of the Rivases and as a result of the assignment to them of Jorge Iglesias' choses in action. See D.C. Superior Court Action, Complaint ¶¶ 41-42 and Count VI. Under the Settlement Agreement, the Rivases have claims for emotional injury against GEICO in which the Athridges do not share. In addition, the Rivases and the Athridges continue to disagree about the merits of the Athridges' lawsuit that resulted in the judgment of $5.5

---

[2] In *Kickapoo Tribe of Indians v. Babbit*, 43 F.3d 1491, 1497 n.9 (D.C. Cir. 1995), the Court stated that the inquiry under Rule 19(b) is the same as the inquiry under Rule 19(a)(2)(i) as to whether continuing the action will impair the absentee's ability to protect its interest. The Court, however, did not expressly consider whether adequate representation should form part of the Rule 19(a) analysis.

million against the Rivases.  This disagreement may result in differing approaches in pursuing claims against GEICO.

The Rivases and Athridges recognized these differing interests in negotiating the Settlement Agreement.  They concluded that the Rivases would pursue any claims against the Rivases' prior attorney.  Settlement Agreement, ¶ 5.  In contrast, although they agreed that both sides would bring suit against GEICO, they determined that the attorneys for the Athridges would be lead counsel, the Athridges would have primary responsibility for prosecution of the lawsuit, and the Athridges would have the final say on all decisions relating to the claims against GEICO assigned by the Rivases.  Settlement Agreement ¶10.  The Athridges and the Rivases determined that the Rivases could not adequately represent the Athridges in pursuing their claims against GEICO – the Rivases respectfully submit that the Court should not reach a contrary conclusion.

Furthermore, Defendants are informed that the Athridges have an interest in having their claims against GEICO heard in D.C. Superior Court.  Some of these claims involve open or complex questions of D.C. law, which the Athridges believe should be decided in the local courts.  By holding that the Rivases may adequately represent the Athridges' interests, the Court would abridge the Athridges' interest in having their claims against GEICO heard in D.C. Superior Court.  See *Kickappoo Tribe*, 43 F.3d at 1496-97 (interest in immunity from suit compelling by itself),

Thus, the Athridges' ability to protect their interests therefore may be impaired by the disposition of this action in their absence.

### B.     The Athridges are Indispensable Parties

In determining whether the Athridges should be regarded as indispensable parties, the Court should consider plaintiff's interest in having a forum, the defendant's interest in avoiding inconsistent relief or multiple litigation, the absent party's interest in protecting his rights, and the public interest in complete and efficient resolution of controversies. Def. Mem. 9.

GEICO does not dispute that the D.C. Superior Court is an adequate forum to resolve the same issues that GEICO seeks to resolve here (as well as numerous additional issues). GEICO also does not dispute that the public interest will best be served by dismissing this lawsuit and having the controversies concerning GEICO's obligations to the Rivases decided in the D.C. Superior Court Action. These factors point heavily to finding the Athridges to be indispensable parties.

#### 1.     The Athridges Will be Prejudiced

GEICO disputes (Opp. 14-15) that the Athridges will be prejudiced by the determinations of this lawsuit in their absence. GEICO incorrectly claims (Opp. 14-15) that there was no explanation of how the Athridges would be prejudiced. GEICO asserts, however, that the prejudice analysis under Rule 19(b) is the same as the prejudice analysis under Rule 19(a). As previously explained with respect to Rule 19(a) (Def. Mem. 8), an unfavorable ruling here would harm the Athridges' interest because it would serve as adverse persuasive precedent.

GEICO again argues (Opp. 16) that the Athridges' rights will not be prejudiced because the Rivases can adequately represent them. As discussed above, the Rivases' and the Athridges' interests are not identical and the Rivases therefore cannot adequately

9

represent the Athridges.  GEICO's attempt (Opp. 16) on this ground to distinguish *Hartford Cas. Ins. Co. v. Pixel Magic Imaging, Inc.*, No. 04-1093, 2005 U.S. Dist. LEXIS 21362 (W.D. Tex. June 20, 2005), *approved*, 2005 U.S. Dist. LEXIS 21361 (Sept. 6 2005), should be rejected.

GEICO relies on *Evangelical Lutheran Church v. Atlantic Mut. Ins. Co., 173 F.R.D. 507 (N.D. Ill. 1997)*, for the proposition that the interests of the insured and the injured party are identical in a coverage action because both want there to be insurance coverage.  This is not a simple coverage action, however, because GEICO does not dispute coverage up to the alleged limits of Policy.  As noted, above, the Rivases' and the Athridges' interests are not identical.  Moreover, *Evangelical Lutheran* has been criticized by the Eleventh Circuit and should not be followed here.  *See American Safety Cas. Ins. Co. v. Condor Associates, Ltd.*, 2005 U.S. App. LEXIS 7213 (April 21, 20005).

### 2. The Rivases Will be Prejudiced

GEICO contends (Opp. 17) that the Rivases will not be unduly prejudiced by proceeding with this lawsuit because they voluntarily filed the D.C. Superior Court Action after learning of this lawsuit.  The Rivases, together with the Athridges, filed the D.C. Superior Court Action in accordance with the Settlement Agreement so that the dispute between the Athridges and the Rivases, on the one hand, and GEICO, on the other, could be completely resolved.  It is a waste of the parties' (and the Court's resources) to be forced to pursue this piecemeal litigation here while comprehensively litigating all the issues in the D.C. Superior Court action.

Thus, all the factors to be considered weigh in favor of finding the Athridges to be indispensable parties.  The Court should dismiss this case without prejudice.

**II.     The Court Should Exercise its Discretion to Dismiss or Stay this Case**

The Rivases have previously shown that the Court should exercise its discretion to dismiss or stay this case for the following reasons:

- The controversy among the parties can be better settled in the D.C. Superior Court Action, where GEICO, the Rivases and the Athridges are all parties.

- The dispute among the parties involves issues of local law only.

- The first to file rule is accorded little weight, particularly since GEICO's filing involves procedural fencing.

- GEICO will not be prejudiced by dismissal or stay of this action.

GEICO does not dispute the first point, which should be the end of the Court's inquiry because "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Such "gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942).

GEICO also does not dispute that it will not be prejudiced by dismissal or stay of this action since it is only in the pleading stage.

GEICO further does not dispute that only D.C. law is involved. GEICO contends (Opp. 18), however, that this factor is not sufficient to warrant a dismissal or stay of this action because there has been no showing that the applicable law is unsettled or complex. D.C.'s compelling interest in having the local courts apply its law, particularly in insurance matters, does not turn on the law's complexity or unsettled state. Def. Mem.

11

13. In any event, the Magistrate Judge who has presided over many of the cases arising from the Accident has described D.C. law concerning insurance issues as "immature," consisting "of a handful of cases which give limited guidance in cases involving narrow sets of facts." *Athridge v. Aetna Cas. and Surety Co.,* 2001 WL 214212 (D.D.C. 2001).[3] This characterization of D.C. law is further evidence that D.C. courts, which can resolve any unsettled or complex issues under D.C. law, and not this Court, which can only predict how D.C. courts will rule, should be deciding the issues presented in this case.

GEICO also relies on the fact that it was the first to file. As noted (Def. Mem. 13-14), however, courts give little weight to the first to file rule particularly where, as here, a lawsuit is filed for tactical reasons. Although GEICO argues that it did not act improperly in filing as soon as possible after the tolling agreement, particularly since it entered into the tolling agreement at the Rivases' request, Opp. 19, GEICO clearly filed this action for tactical reasons.

First, GEICO does not attempt to explain why it filed suit as soon as it was able to after the termination of the tolling agreement or why it prefers to engage in piecemeal litigation of the issues in federal court. The only plausible explanation is that GEICO filed suit so that it could obtain a federal hearing in a case against the Rivases only and one that would not be removable if the Athridges either alone or with the Rivases filed suit in D.C. Superior Court.

Second, GEICO's insistence that a federal court decide its rights and obligations is ironic. In 1989, GEICO sued its D.C. insureds, including the Rivases, for a declaration of no coverage under the Policy in D.C. Superior Court, even though there was diversity

---

[3] The Rivases are informed that the Athridges do not agree with the Magistrate Judge's resolutions of various issues of D.C. law.

12

jurisdiction between GEICO and its insureds and the Athridges' tort suit against the Rivases were pending in this Court. GEICO deliberately chose not to name the Athridges as parties or attempt to serve process on them. D.C. Superior Court Action Complaint ¶¶ 16-26. Likewise, GEICO has deliberately chosen not to sue the Athridges here for a determination of the rights and obligations it owes to them.

Third, during the pendency of the Athridges' tort suit, the Athridges twice moved to have GEICO joined as a third party under Rule 21. The Rivases' attorney, who was appointed and paid for by GEICO, opposed the Athridges' motions on grounds that related solely to GEICO. Magistrate Judge Facciola denied the motions because he considered them to be premature. D.C. Superior Court Action Complaint ¶¶ 44, 46, 49-51. If GEICO truly wanted an expeditious determination of its rights and obligations under the Policy, it could have obtained one by becoming a party to the Athridges' tort suit.

GEICO further argues that there is no reason to dismiss this case because the cases brought by the Athridges as a result of the Accident were all brought in federal court. GEICO, however, fails to point out to any of these cases that expressly resolved the issues that are presented in this lawsuit. As noted, GEICO declined the opportunity to have these issues decided in this Court when the Rivases' attorney objected to joining GEICO as a third party in the underlying tort suit.

When GEICO brought its declaratory judgment action in 1989 to determine coverage under the Policy, it did so in D.C. Superior Court. GEICO should not be heard now to object to a determination of its rights and obligations under the Policy in D.C. Superior Court, the forum that it chose in 1989.

This Court should avoid gratuitous interference with the D.C. Superior Court action. It should dismiss or stay this action so that the parties can resolve all the issues arising from GEICO's insurance policy in the latter action.

## CONCLUSION

GEICO has sued the Rivases instead of the Athridges, who have been assigned virtually of the Rivases' rights under the Policy. It has chosen a court that can provide at most a hollow or partial judgment, even though the rights and obligations of the Rivases, Athridges and GEICO relating to the Policy can be resolved in the pending D.C. Superior Court Action. For the reasons stated above and in Defendants' opening memorandum, the Court should dismiss this action because the Athridges are indispensable parties. Additionally or alternatively, the Court should exercise its discretion to dismiss or stay this action in light of the pending D.C. Superior Court Action.

Dated: January 9, 2008			Respectfully submitted,


			__/s/ Patrick A. Malone_____
			Patrick A. Malone, Esq. (397142)
			PATRICK MALONE & ASSOCIATES, P.C.
			1331 H Street N.W.
			Suite 902
			Washington, D.C. 20005
			(202) 742-1500

			*Attorneys for the Defendants*

**CERTIFICATE OF SERVICE**

I certify that, on January 9, 2008, a true and correct copy of the foregoing pleading was served by regular mail and electronically to the persons listed below:

>Walter J. Andrews
>Syed S. Ahmad
>Hunton & Williams LLP
>1751 Pinnacle Drive
>Suite 1700
>McLean, Virginia  22102
>
>*Counsel for Government Employees Insurance Company*

                          __/s/ Patrick A. Malone_____
                          Patrick A. Malone, Esq.