```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


GOVERNMENT EMPLOYEES INSURANCE    :
COMPANY,                          :
                                  :
         Plaintiff,               :
                                  :
    v.                            :   Civil Action No. 07-1740 (JR)
                                  :
FRANCISCO RIVAS, et al.,          :
                                  :
         Defendants.              :
```

**MEMORANDUM**

Government Employees Insurance Company ("GEICO") seeks a declaration that it has fulfilled all of the obligations that it owes to policyholders Francisco and Hilda Rivas. The Rivases move [Dkt. 4] to dismiss GEICO's complaint.

Background

This case arises out of a 1987 automobile accident that has spawned unceasing litigation over the past twenty years. A relative of the Rivases, Jorge Iglesias, was driving a car owned by their restaurant when he struck and seriously injured Thomas P. Athridge, Jr. Athridge and his parents sued the Rivases, the Rivases' restaurant, Jorge, Jorge's parents, and Aetna Casualty and Surety Company, which had issued an automobile coverage policy to Jorge's father. All of the Athridges' claims were consolidated in a single suit in this court. Summary judgment was granted in favor of all defendants except Jorge. On November 8, 1996, after a bench trial, the court found Jorge

liable for negligence and awarded the Athridges $5,510,010.78. The Athridges appealed the summary judgments. Jorge filed for bankruptcy. The Court of Appeals affirmed the summary judgments as to Jorge's parents and Aetna but reversed as to the Rivases. Athridge v. Rivas, 141 F.3d 357, 364 (D.C. Cir. 1998). The Rivases were granted summary judgment for a second time on remand, but the Court of Appeals reversed again. Athridge v. Rivas, 312 F.3d 474, 479 (D.C. Cir. 2002). The case was then tried before a jury. The parties stipulated that, if the jury found them liable, the Rivases would be bound by the November 1996 judgment establishing damages. Compl. at ¶ 24. On January 12, 2005, the jury returned a verdict against the Rivases, and judgment was duly entered against them for $5,510,010.78. The court denied their post-trial motions, and the Rivases appealed.

The Rivases' automobile insurance carrier was GEICO. GEICO has long insisted that its liability is limited by the policy's coverage limit of $100,000 per person for bodily injury. The Rivases dispute that proposition, but, while their appeal was pending, they entered into a "tolling agreement" with GEICO that required both sides to refrain from initiating litigation against the other about their coverage dispute so long as the agreement was in force. The agreement required thirty days notice before it could be terminated.

The Court of Appeals heard oral argument on the issue of the Rivases' liabilities on May 11, 2007. Before the Court could rule, however, the Rivases and the Athridges settled and filed a joint motion to dismiss the appeal. GEICO did not approve of the decision to dismiss the appeal. On August 29, 2007, GEICO gave the 30-day notice of termination permitted by its tolling agreement with the Rivases.

The settlement agreement between the Rivases and the Athridges was executed on September 7, 2007. The Rivases agreed to pay the Athridges $2.85 million, and the Athridges agreed that, so long as the Rivases did not default on that payment obligation, they would make no attempt to collect the remainder of the judgment. As part of the settlement, the Rivases assigned to the Athridges:

> any and all of their choses of action that they may possess against [GEICO] . . . including but not limited to rights, credit, claims, causes of action, or rights of action, in contract or tort, for breach of the covenant of good faith and fair dealing or for breach of fiduciary duty or for omissions or for negligence or for intentional misconduct in connection with GEICO's obligation to investigate the liability of or to indemnify the Rivases for the injuries and expenses suffered by the Athridges as a result of the Accident or in connection with GEICO's undertaking to defend the Rivases against any claim of liability for such personal injuries or expenses.

[Dkt. 4, Ex. 1, ¶ 7]. The agreement requires the parties to cooperate in pursuing the assigned claims and requires the

Athridges to pay over to the Rivases 40 percent of any recovery on these claims.  Id. at ¶ 8.  The Rivases reserved to themselves claims against GEICO for infliction of emotional or mental distress.

On September 28, 2007, exactly 30 days after giving notice of its termination of the tolling agreement, GEICO filed this declaratory judgment action.  GEICO is seeking a declaration that it has complied with all of its duties under the Rivases' policy, and that further coverage is barred or limited because the Rivases voluntarily dismissed the appeal, because they did not comply with the policy's assignment provisions, and because they settled for "an unreasonable amount."  Compl. at ¶¶ 49-51.  GEICO is a Maryland corporation.  It has not named the Athridges as defendants in this suit (and cannot do so) because they, too, are Maryland residents, and because this Court's jurisdiction rests on diversity.

On November 16, 2007, the Rivases and the Athridges sued GEICO in D.C. Superior Court for indemnity, breach of contract, breach of the duty of good faith, spoliation, violation of the D.C. Consumer Protection Procedures Act, and intentional infliction of emotional distress.  Now before this Court in the instant case is the Rivases' motion to dismiss, which argues that the Athridges are required parties under Fed. R. Civ. P. 19.  In the alternative, the Rivases argue for a discretionary dismissal

of the declaratory judgment complaint, or for at least a stay, while the Superior Court litigation is pending.

For the reasons explained below, I conclude that the issues presented in this case are best resolved in the course of the Superior Court action, which is now in active litigation. The Rivases' motion to dismiss [Dkt. 4] will be **granted**.

## Analysis

"District courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282, (1995). This is so because the Act is "'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" Id. at 287 (quoting Pub. Serv. Comm'n v. Wycoff, 344 U.S. 237, 241 (1952)); National Wildlife Federation v. United States, 626 F.2d 917, 923 (D.C. Cir. 1980) ("That [the Act] is intended to permit the court in its discretion to withhold declaratory relief is well-established."). Circumspection is especially warranted where "as in Wilton, there are pending state-court proceedings representing the same issues of state law." AmSouth Bank v. Dale, 386 F.3d 763, 784 (6th Cir. 2004). In such circumstances, "a district court might be indulging in 'gratuitous interference' if it permitted the federal declaratory action to proceed." Wilton,

515 U.S. at 283 (quoting <u>Brillhart v. Excess Ins. Co. of Am.</u>, 316 U.S. 491, 495 (1942)).  Although the Court of Appeals has long declined to provide an exhaustive list of issues that district courts should consider in deciding whether or not to grant declaratory relief, relevant factors include:

> whether [declaratory relief] would finally settle the controversy between the parties; whether other remedies are available or other proceedings pending; the convenience of the parties; the equity of the conduct of the declaratory judgment plaintiff; prevention of procedural fencing; the state of the record; the degree of adverseness between the parties; and the public importance of the question to be decided.

<u>Jackson v. Culinary Sch.</u>, 27 F.3d 573, 580 (D.C. Cir. 1994) (quoting <u>Hanes Corp. v. Millard</u>, 531 F.2d 585, 591 (D.C. Cir. 1976)).

Notwithstanding their status as judgment creditors and assignees of many of the Rivases' claims against GEICO, the Athridges, as non-diverse parties, cannot litigate their claims in this court.  Because they cannot be joined, and cannot successfully intervene, declaratory relief is unlikely to finally settle the entire controversy between and among all the parties.  GEICO and the Rivases appear to agree that the Athridges would not be bound by any determination made by this court regarding GEICO's compliance with the terms of the Rivases' policy.  Accordingly, regardless of whether the declaratory judgment that GEICO seeks were granted or denied, the issues presented in this

case would have to be re-litigated across the street.  In the discretionary balance which this court holds, avoidance of piecemeal litigation weighs in favor of dismissal.  See Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 258 (4th Cir. 1996).  Such concerns are heightened in this case because a considerable amount of litigation, including discovery and the filing of a motion for summary judgment, has already taken place in Superior Court.  See Athridge v. GEICO, case no. 2007 CA 007639B (D.C. Sup. Ct.); see also Brillhart, 316 U.S. at 495 ("[I]t would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.").

The fact that GEICO filed this suit before the Rivases and the Athridges initiated their suit in Superior Court is not determinative.  See Columbia Plaza Corp. v. Security Nat'l Bank, 525 F.2d 620, 627 (D.C. Cir. 1975) (equitable considerations may trump "mechanical application" of a first-to-file rule).  GEICO's choice of forum is not entitled to significant deference, because it was GEICO that selected a forum in which the Athridges cannot participate -- after being informed that the Rivases had assigned many of their claims to the Athridges.  The Declaratory Judgment Act is not a tactical device.  "[W]here a putative defendant files a declaratory action whose only purpose is to defeat

liability in a subsequent coercive suit, no real value is served by the declaratory judgment except to guarantee to the declaratory plaintiff her choice of forum -- a guarantee that cannot be given consonant with the policy underlying the Declaratory Judgment Act." AmSouth, 386 F.3d at 788.

It is certainly true that issues surrounding substantive liability for the accident have been litigated for years in federal court, but that history does not mean that the present dispute must also litigated be in federal court.  At this stage, the issues focus on a different set of contractual and insurance questions regarding GEICO's conduct, questions that are governed entirely by District of Columbia law.  Because no discovery and little litigation has taken place on these questions in federal court, because D.C. Superior Court provides a wholly adequate forum for GEICO's claims, and because GEICO will not be prejudiced by dismissal of its complaint, the motion to dismiss [Dkt. 4] will be **granted.**

An appropriate order accompanies this memorandum.


                                    JAMES ROBERTSON
                              United States District Judge